IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES LAMAR DANIELS,<br><br>    Petitioner<br><br>VS.<br><br>HUGH A. SMITH, WARDEN,<br><br>    Respondent | **NO. 5:06-CV-288 (CAR)**<br><br>PROCEEDINGS UNDER 28 U.S.C. § 2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is respondent HUGH SMITH's MOTION TO DISMISS CHARLES LAMAR DANIELS' petition seeking federal habeas corpus relief. Tab #6. The petitioner has responded to the respondent's motion. Tab #11. Respondent has submitted that the instant petition should be dismissed because the petitioner failed to exhaust his state remedies as required by ***Rose v. Lundy***, 455 U.S. 509 (1982) and because the petition is untimely filed pursuant to 28 U.S.C. §2244(d)(1)(A).

## DISCUSSION

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Petitioner Daniels pled guilty to kidnapping, robbery by force, and participation in criminal gang activity on January 9, 1997. The petitioner had **one year** from the date his conviction became final in which to apply for federal habeas corpus relief. Under Georgia law, petitioner's convictions became final for the purposes of §2244 on February 8, 1997. *See* O.C.G.A. §§ 5-6-37 and 38 (setting deadline for filing notice of appeal thirty days after entry of judgment). Petitioner filed the instant petition on August 23, 2006, well after the time permitted for filing a federal petition.

Petitioner's response does not alleged any tolling of the one year limitations period, but rather goes to the merits of his petition.

## CONCLUSION

Because it is apparent that the petitioner is outside of the limitations period set forth in 28 U.S.C. §2244(d)(1)(A), IT IS RECOMMENDED that the respondent's MOTION TO DISMISS (Tab #6) be **GRANTED** and that the instant petition be **DISMISSED** *with prejudice.*[1] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 24th day of August, 2007.



                        CLAUDE W. HICKS, JR.
                        UNITED STATES MAGISTRATE JUDGE

---

[1] This recommendation makes no finding regarding a failure to exhaust state remedies.